**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER GRANTING MOTION TO** |
| Plaintiff, ) | **VACATE DEFENDANT'S RULE 20** |
| ) | **TRANSFER** |
| vs. ) | |
| ) | |
| Tyrone Roper, ) | Case No. 4:08-cr-022 |
| ) | |
| Defendant. ) | |

Before the Court is the Government's "Motion for an Order Vacating Defendant's Rule 20 Transfer to the District of North Dakota and Re-Transferring Case to the Western District of Kentucy," filed on September 30, 2009. See Docket No. 21. The Defendant's attorney, Assistant Federal Public Defender William D. Schmidt, filed a response on October 9, 2009, in which he states that he does not oppose the Government's motion. See Docket No. 22.

**I.     BACKGROUND**

On February 28, 2008, the defendant, Tyrone Roper, was arrested in the District of North Dakota on a 2004 arrest warrant issued by the United States District Court in the Western District of Kentucky pursuant to an Information charging him with criminal trespass and assault, both of which are misdemeanors. On February 29, 2008, Roper made an initial appearance from Minot, North Dakota by video before Magistrate Judge Charles S. Miller, Jr. at which time he was appointed counsel and released on his own recognizance with instructions to appear on April 3, 2008, before Magistrate Judge W. David King in Fort Campbell, Kentucky. Judge Miller warned Roper to keep the Court and his attorney advised of his whereabouts. Roper provided the Court with a mailing address of P.O. Box 123, Lestock, Manitoba, Canada SOA2G0.

On April 11, 2008, Roper made a request to transfer the matter from the Western District of Kentucky to the District of North Dakota for a change of plea and imposition of sentence pursuant to Rule 20 of the Federal Rules of Criminal Procedure. See Docket No. 8. In Roper's request for a Rule 20 transfer, he stated,

> Defendant states that it is his intent to plead guilty to the charges set forth in the Indictment and waive his right to a trial in the Western District of Kentucky where the Indictment is pending and further consents to the disposition of his case in the District Court for North Dakota.

See Docket No. 8.

On April 20, 2008, Roper signed a "Consent to Institute a Presentence Investigation and Disclose the Report before Conviction or Plea of Guilty." See Docket No. 12. As a condition of his release, Roper was required to keep in contact with his attorney, Assistant Federal Public Defender William D. Schmidt, keep the Court advised of his whereabouts, and attend all future court proceedings in the case. In response to Roper's request for a Rule 20 transfer, a change of plea and sentencing hearing was scheduled for September 22, 2008 in Minot, North Dakota, but Roper failed to appear. The change of plea and sentencing was rescheduled for October 27, 2008, but Roper again failed to appear.

Assistant Federal Public Defender William D. Schmidt, in his response to the Government's motion, has notified the Court that prior to Roper's change of plea and sentencing hearing scheduled for October 27, 2008, he sent Roper a letter reminding him of the time, date, and place of the hearing. An investigator from the Federal Public Defender's office spoke with Roper on October 15, 2008, to remind him of the hearing and Roper assured the investigator that he would be in attendance of the October 27, 2008 hearing. Following Roper's failure to appear for the October 27, 2008 hearing, Mr. Schmidt made numerous attempts by letter and telephone to contact Roper without success.

Accordingly, Assistant Federal Public Defender William D. Schmidt does not object to the Government's motion to vacate the Rule 20 transfer. Mr. Schmidt states, "Although Mr. Roper, at all times when he was communicating with the undersigned, indicated his desire to resolve the matter in North Dakota, the undersigned no longer has information to determine whether or not that is still Mr. Roper's position." See Docket No. 22.

## II.     STANDARD OF REVIEW

Rule 20 of the Federal Rules of Criminal Procedure allows a prosecution to be transferred from the district where the indictment or information is pending to the district where the defendant is arrested, held, or present if:

>    (1)     the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and
>
>    (2)     the United States attorneys in both districts approve the transfer in writing.

Fed. R. Crim. P. 20(a). Rule 20 expressly considers the effect of a defendant pleading not guilty after the case has been transferred:

> If the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution began, and that court must restore the proceeding to its docket. The defendant's statement that the defendant wished to plead guilty or nolo contendere is not, in any civil or criminal proceeding, admissible against the defendant.

Fed. R. Crim. P. 20(c). Rule 20 permits a defendant to transfer his criminal case to another district when certain circumstances are met: "First, [the defendant] must consent to the transfer in a form that indicates his clear intention to plead guilty or nolo contendere. Next, he must obtain consents from transferor and transferee District Attorney. Then he must enter the proper plea under the rule. The

court must accept the plea. Lastly, he must not rescind his action by pleading not guilty after the transfer has been completed." United States v. Cushman, 830 F. Supp. 960, 966 (N.D. Tex. 1993) (quoting Hutto v. United States, 309 F. Supp. 489, 493 (D.S.C. 1970)).

Rule 20 of the Federal Rules of Criminal Procedure allows a defendant to plead guilty in a district different than where he was originally charged. Rule 20 "would accord to a defendant in such a situation an opportunity to secure a disposition of the case in the district where the arrest takes place, thereby relieving him of whatever hardship may be involved in a removal to the place where the prosecution is pending." Fed. R. Crim. P. 20 advisory committee's note. Even though the rule takes into account the defendant's hardship, the defendant's hardship is not the only consideration for the court to weigh. "Because the Rule, as written, allows a transfer only upon the defendant's stating a wish to plead guilty (or nolo contendere), hardship to the defendant is accorded consideration only for the purposes of entering a guilty plea, not to reopen the question of the defendant's readiness to proceed to enter such a plea in the transferor court." United States v. Torres, 399 F. Supp. 2d 549, 555 (S.D.N.Y. 2005).

### III.     LEGAL DISCUSSION

In the present case, Roper's last known address is P.O. Box 123, Lestock, Manitoba, Canada SOA2G0. Even though the hardship to Roper would arguably be less if the case remained in the District of North Dakota rather than being transferred to the Western District of Kentucy which is further from his home in Lestock, Manitoba, Roper's hardship is only one consideration that the Court must weigh. It is undisputed that on March 14, 2008, Roper signed a "Request for Transfer to the District of North Dakota" in which he stated "his intent to plead guilty to the charges set forth in the Indictment and waive his right to a trial in the Western District of Kentucky where the Indictment is

pending and further consent[ed] to the disposition of his case in the District Court for North Dakota." See Docket No. 8. The transfer was approved by an Assistant United States Attorney from each district. In response to Roper signing the "Request for Transfer to the District of North Dakota," a change of plea and sentencing hearing was scheduled for September 22, 2008, in Minot, North Dakota. Roper failed to appear for the hearing. The change of plea and sentencing hearing was rescheduled for October 27, 2008. Roper again failed to appear for the hearing. Assistant Federal Public Defender William D. Schmidt has made numerous attempts to contact Roper by telephone and by letter since October 27, 2008, without success. Because of Roper's failure to communicate with his attorney, Mr. Schmidt no longer has any information to determine whether Roper wishes to plead guilty.

Roper has failed to satisfy the criteria set forth under Rule 20 of the Federal Rules of Criminal Procedure. Despite Roper's initial promise to plead guilty to the indictment, Roper failed to appear to the change of plea and sentencing hearings scheduled. Roper has failed to keep in contact with his attorney and the Court as to his whereabouts. Rule 20 sets forth specific criteria to granting relief, one of which is that the defendant pleads either guilty or nolo contender to the charge(s). See Cushman, 830 F. Supp. at 964 ("Read literally, Rule 20 applies only if the defendant unqualifiedly expresses a wish to plead guilty. There is no suggestion in the language of the rule that it can be utilized in any case other than one in which the defendant plans to plead guilty to all counts pending against him, and, in fact, does enter such a plea before the transferee judge."). If a defendant pleads not guilty, Rule 20 requires the transferee court to return the case to the originating court. Id.

Pursuant to the "Order Setting Conditions of Release," Roper promised to "appear at all proceedings as required" and "to surrender for service of any sentence imposed as directed." See Docket No. 7. Roper has deliberately violated the "Order Setting Conditions of Release" by failing to appear at the scheduled hearings and by failing to keep the Court and his attorney advised

of his whereabouts. Roper's failure to appear to the change of plea and sentencing hearings strongly suggests that he has withdrawn his intent to concede criminal culpability to the charges filed in the Western District of Kentucky. By failing to appear to the scheduled hearings in Minot, North Dakota, Roper has essentially continued to maintain a de facto not guilty plea to the charges.

### IV.     CONCLUSION

The Court **GRANTS** the Government's "Motion for an Order Vacating Defendant's Rule 20 Transfer to the District of North Dakota and Re-Transferring Case to the Western District of Kentucky" (Docket No. 21). The Rule 20 Transfer to the District of North Dakota is **VACATED**, and the case is transferred back to the Western District of Kentucky. The Court **DIRECTS** the Clerk of Court to return all papers and files in the case to the Clerk of the District Court for the Western District of Kentucky so that court can restore the case to its docket, reissue a warrant for Roper's arrest, and take further any further action it deems necessary.

**IT IS SO ORDERED**.

Dated this 21st day of October, 2009.

>  */s/ Daniel L. Hovland*
>  Daniel L. Hovland, Chief Judge
>  United States District Court